William C. Johnson, Jr., Esq.
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
William@JohnsonLG.Law
Counsel for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | |
|    Native Washingtonian, LLC | * | Case No. 24-00058 |
|      Debtor. | * | (Chapter 11) |
| _____ | * | |

## DEBTOR'S OPPOSITION TO MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

**COMES NOW**, the Debtor Native Washingtonian, LLC, by and through undersigned counsel, hereby opposes the Motion to Convert or Dismiss Chapter 11 case. In support of his opposition the debtor responds as follows:

### GENERAL OBJECTIONS

Respondent generally objects to movant's unnumbered paragraphs to the extent they do not comport with the stated position of the Respondent. Unless expressly affirmed by the Respondent, the paragraphs are deemed "opposed" and "rejected."

**I.    Relevant Facts**

The debtor in the instant is a small real estate developer. The debtor proposes to sell all of the assets of the estate. The estate is comprised of single family homes. The debtor has engaged a realtor to assist with the marketing of the homes. As of the date of this pleading, the realtor has received serious inquiries with regard to the purchase of the real property. The debtor will continue to maintain the properties until they have been sold.

**II.    Relief Sought**

1. The debtor's opposition requests the Court deny the movant's Motion. The motion does not warrant the conversion of the Debtor's case to Chapter 7 nor is a dismissal with prejudice of the Chapter 11 case.

2. As argued below, the movant through no fault of its own, has misinterpreted the representations of the debtor and has hastily sought inappropriate relief under the circumstances.

### III. Standard

3. Bankruptcy Code 11 U.S.C. § 1112(b)(2) provides, in pertinent part, the following:

> **(b)(2)** The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> > **(i)** for which there exists a reasonable justification for the act or omission; and
> > **(ii)** that will be cured within a reasonable period of time fixed by the court.
>
> 11 U.S.C. § 1112(b)(2).

### IV. Argument

4. The seminal case discussing the analysis of 11 U.S.C. § 1112 was developed in the Fourth Circuit opinion of *In re Superior Siding & Window, Inc.* (*Rollex Corporation v. Associated Materials Incorporated*), 14 F.3d 240 (1994).

5. In *Superior*, a Chapter 11 case filed by the debtor with no prospects of reorganizing was dismissed, rather than converted to a case under Chapter

2

7. The Bankruptcy Court, upon a finding that a majority of unsecured favored dismissal, reasoned a dismissal was appropriate. *Id* at 240.

6. The Court of Appeals for the Fourth Circuit however, vacated the decision and remanded the case to the lower Court reasoning that in evaluating best interests of creditors, for purposes of deciding whether to dismiss or convert, the bankruptcy court should have considered the interests of all creditors. *Id*.

7. A movant bears the initial burden of establishing cause to convert or dismiss a case pursuant to section 1112(b). 11 U.S.C. § 1112(b)(1); *In re Sydnor,* 431 B.R. 584, 590 (Bankr.D.Md .2010). Section 1112(b)(4) contains a non-exclusive list of circumstances that constitute cause. 11 U.S.C. § 1112(b)(4).

8. Once a *prima facie* showing of cause is made, the court shall dismiss or convert the case to Chapter 7, whichever is in the best interests of the estate and creditors, or appoint a trustee, unless the provisions of subsections (b)(2) or (c) apply. The burden shifts to the debtor to establish the applicability of section 1112(b)(2).

9. The Fourth Circuit first identified the process of the bankruptcy court must undertake to resolve a motion under section 1112(b).

10. A motion filed under [§ 1112(b) ] invokes a two-step analysis, first to determine whether "cause" exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in "the best interest of creditors and the estate." Once "cause" is established, a court is required to consider this second question of whether to dismiss or convert. *Superior* at 242 (citations omitted).

11. Once cause is established, the task of the bankruptcy judge is to ascertain the impact to the creditors and the estate of conversion or dismissal. *Superior* at 243.

12. That analysis requires a comparison of the results to creditors in bankruptcy with the results to creditors under state law outside of bankruptcy. *Id.*

13. Two important principles, pertinent here, are established by *Superior Siding*. The first is that, whether a motion seeks dismissal or conversion, once the court determines that cause exists under section 1112(b), it is up to the court to determine whether conversion or dismissal is in the best interests of the creditors and the estate.

14. The second principle is that this determination is not made by majority vote, or for that matter, by the dictates of any one creditor or group of creditors. As the Fourth Circuit stated, one of the factors to be considered is the policy of equality among creditors and that policy is not served by merely tallying the votes of the creditors. *Superior Siding,* 14 F.3d at 242.

15. The court must independently determine which option is in the best interest of creditors and the estate. Accordingly, the mere fact that a section 1112(b) motion seeks only conversion is no bar to dismissal if the court determines that dismissal is in the best interest of the creditors and the estate. The opposite is also true. The task of the bankruptcy court is to determine which option is the better choice.

16. *Superior Siding* is consistent with the express language of section 1112(b). As pertinent here, it provides that upon a showing of cause, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b). There is nothing in the statute that supports the view that, in connection with a section 1112(b) motion that seeks only either conversion or dismissal, the court must grant the express relief sought in the section 1112(b) motion, even if the court determines that the requested relief is not the better option for the creditors or the estate. The statutory language is expressly to the contrary.

**CONCLUSION**

17. The movant has failed to establish cause to convert or dismiss the instant case.
18. However, the analysis of section 1112 warrants exploration. The movant must demonstrate to the Court that cause exists.
19. The Court is required to ascertain whether a reorganization is feasible.
20. The movant is lacking any realistic legal support in its attempt to force a dismissal of the case. The movant must prove would be better served if the case is converted to Chapter 7.

**WHEREFORE**, the debtor Native Washingtonian, LLC respectfully requests this Court to enter an Order:

(A) Denying the Motion to Convert or Dismiss Chapter 11; and
(B) For any other relief deemed necessary and proper.

May 20, 2024

*/s/ William C. Johnson, Jr.*
The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Federal Bar No.: 470314
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(202) 525-2958
Fax (301) 288-7473

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day of May 20, 2024, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

Office of the U.S. Trustee
1725 Duke Street
Suite 630
Alexandria, VA 22314

All creditors on the Mailing Matrix

May 20, 2024                                          */s/ William C. Johnson, Jr.*
                                                      William C. Johnson, Jr., Esq.